IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERTO PAZ, | § | |
| Movant, | § § § | |
| V. | § | No. 3:16-cv-1815-M-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Movant Alberto Paz, a federal prisoner, proceeding *pro se*, has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. This action has been referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should reopen this administratively closed action and dismiss the Section 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, because "it plainly appears … that [Movant] is not entitled to relief." *Id.*

**Applicable Background**

In 2013, Movant was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1); two counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and illegal

possession of a machine gun, in violation of 18 U.S.C. § 922(o). *See United States v. Paz*, No. 3:12-cr-277-M (01) (N.D. Tex.); *see also* 18 U.S.C. § 924(a)(2) (setting out a 10-year maximum sentence as to each weapon conviction). And, in 2014, the Court sentenced him to four concurrent sentences of 120 months of imprisonment. *See Paz*, No. 3:12-cr-277-M (01). This is the first Section 2255 motion attacking these convictions and sentences.

**Legal Standards and Analysis**

Movant seeks postconviction relief based on *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015). *See, e.g.,* Dkt. No. 1 at 7 (challenging his base offense level of 22 determined under the advisory sentencing guidelines, *see* U.S.S.G. § 2K2.1(a)(3), arguing that the applicable prior conviction – for burglary of a habitation in Dallas County, in violation of Texas Penal Code § 30.02(a) – should no longer be considered a crime of violence after *Johnson*).

In *Johnson*, the Supreme Court of the United States held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – which clause defines a "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. Because "*Johnson* affected the reach of the underlying statute[, the ACCA,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on

collateral review." *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 1265 (2016).

But Movant did not receive an increased sentence under the ACCA's residual clause. Instead, as his Section 2255 motion makes clear, any increase in his sentence was due to the advisory sentencing guidelines. *Compare* Dkt. No. 1 at 7, *with generally* No. 3:12-cr-277-M (01), Dkt. No. 30-1 (presentence report). "Unlike the ACCA, ... the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 580 U.S. ___, 137 S. Ct. 886, 892 (2017); *see, e.g., Ellis v. United States*, Nos. 1:09-cr-00103-JAW & 1:16-cv-00003-JAW, 2017 WL 972092, at *1-*2 (D. Me. Mar. 10, 2017) ("Petitioner maintains he is entitled to relief under *Johnson* because two Maine burglary convictions used by the Court to enhance his sentence pursuant to U.S.S.G. § 2K2.1(a)(1) are no longer violent crimes.... *Johnson*, however, does not apply to sentences enhanced under the guidelines." (citing *Beckles*; footnote omitted)).

The manner in which Movant has raised the federal-sentencing implications of his prior Texas conviction also arguably implicates *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243 (2016). That decision

> resolved a circuit split about when the modified categorical approach can be applied to try to narrow a statute when a court is considering whether that statute qualifies as a certain type of offense under federal criminal and immigration laws.... *Mathis* held that only the elements matter. So when a statute merely sets out multiple means for committing a crime, some of which match the generic offense and others that do not, the

> ordinary categorical approach applies and there is no match to the generic offense.

*Gomez-Perez v. Lynch*, 829 F.3d 323, 326-27 (5th Cir. 2016).

> The modified categorical approach may only be applied where a statute is "divisible" – that is, the statute "'sets out one or more elements of the offense in the alternative – for example, stating that burglary involves entry into a building or an automobile.'" *Hinkle*, 832 F.3d at 573 (quoting *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 2281 (2013)). Under this approach, "a court may look to certain documents, including the indictment and the judgment, to narrow an offense that otherwise would not be a categorical match with an enumerated offense." *Gomez-Perez*, 829 F.3d at 326; *see also Descamps*, 133 S. Ct. at 2281 ("If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction.").

*Sanchez-Sanchez v. United States*, No. 3:16-cv-1434-D, 2017 WL 477314, at *2 (N.D. Tex. Feb. 6, 2017) (citation modified).

The undersigned first notes that, unlike *Johnson*, it does not appear that *Mathis* is a substantive decision that applies retroactively to cases on collateral review. While, in the Fifth Circuit, there is no requirement "that the Supreme Court must have made the determination of retroactivity," *Santillana v. Upton*, 846 F.3d 779, 783 (5th Cir. 2017) (citing *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010)), "the Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule and that its decision was dictated by decades of prior precedent," *United States v. Taylor*, ___ F. App'x ___, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (concluding that "*Mathis* did not announce a new rule" and that "courts applying *Mathis* have consistently reached the

same conclusion" (collecting cases)); *accord Sanchez-Sanchez*, 2017 WL 477314, at *2.[1]

Furthermore, the United States Court of Appeals for the Fifth Circuit, applying the framework set out in *Mathis*, has affirmed that Texas's burglary statute, Texas Penal Code § 30.02(a), remains divisible – and therefore Texas burglary remains an enumerated offense under the ACCA. *See United States v. Uribe*, 838 F.3d 667 (5th Cir. 2016), *cert. denied*, ___ S. Ct. ____, No. 16-7969, 2017 WL 661924 (U.S. Mar. 20, 2017). So, even if *Mathis* was retroactively applicable, it would not benefit Movant.

For these reason, it "plainly appears" that Movant "is not entitled to relief" on the Section 2255 motion, and the motion should be dismissed. *See* Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *see, e.g., Rose v. United States*, Nos. 2:16-CV-554 & 2:13-CR-00123, 2017 WL 951600, at *1 (S.D. Ohio Mar. 10, 2017) (as to a case, like this one, held in abeyance pending the Supreme Court's decision in *Beckles*, holding that, "[b]ased on the Supreme Court's

---

[1] *See also Lott v. Willis*, No. EP-16-CV-514-DCG, 2017 WL 384074, at *5 (W.D. Tex. Jan. 26, 2017) (noting that the Supreme Court "has not suggested that *Mathis* announced a watershed rule of criminal procedure or that an infringement of the rule would seriously diminish the likelihood of an accurate conviction," before *sua sponte* dismissing, under Section 2243, a "savings clause"-based Section 2241 petition); *United States v. Hamilton*, ___ F. Supp. 3d ____, No. 06-CR-188-TCK, 2017 WL 368512, at *4 (N.D. Okla. Jan. 25, 2017) ("*Mathis* does not announce a new rule of law or have retroactive application to cases on collateral review. Therefore, *Mathis* would not entitle a defendant originally sentenced under the [ACCA's] enumerated offense clause to seek collateral relief on grounds that a sentencing court applied the now-invalid modified categorical approach." (citation omitted)); *United States v. Pape*, No. 12-CR-0251 (PJS/LIB), 2017 WL 235178, at *3 (D. Minn. Jan. 18, 2017) ("*Mathis* was simply an application of *Descamps[ v. United States*, 133 S. Ct. 2276 (2013)]; indeed, *Mathis* faulted the lower court for failing to apply what the Supreme Court regarded as the clear language of *Descamps*. Clearly, then, *Mathis* did not announce a 'new' rule of constitutional law." (citation omitted)).

*Beckles* decision, it now appears to the Court that 'the moving party is not entitled to relief.' Under these circumstances, Rule 4(b) states that 'the judge must dismiss the motion'" (citation omitted)).

## Recommendation

The Court should reopen this administratively closed action and dismiss the Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 18, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE